[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2008
THOMAS K. KAHN
CLERK

No. 08-10525
Non-Argument Calendar

_____

D. C. Docket No. 06-00050-CV-RWS-2

PEACH STATE RECOVERY, INC.,
DAN MINER,

Plaintiffs-Appellants,

versus

DAVID GOODWIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 30, 2008)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Dan Miner and Peach State Recovery, Inc., appeal from the district court's summary judgment order finding that Deputy Sheriff David Goodwin was entitled to qualified immunity on Miner's claim of false arrest.[1] Miner, a repossession agent employed by Peach State, attempted to repossess Levi J. Peterson's Dodge Stratus pursuant to instructions from Wachovia Bank. Wachovia Bank possessed an actual lien on Peterson's Dodge. Peterson, however, possessed a title to the Dodge which had been erroneously issued clear of any liens. Miner attempted to repossess Peterson's Dodge by towing it away in the middle of the night. When he did so, Peterson called 911 and reported the Dodge stolen. Shortly thereafter, Miner called 911 to report that Peterson was driving erratically while pursuing him in another vehicle. Deputy Goodwin responded to Peterson and Miner's requests for police assistance, and ordered Miner to release the vehicle to Peterson because Peterson possessed a seemingly clear title. After Miner repeatedly disobeyed Goodwin's orders, Goodwin arrested him for misdemeanor obstruction of justice.

Peach State and Miner thereafter filed the instant 42 U.S.C. § 1983 suit against Goodwin, alleging false arrest in violation of Miner's Fourth Amendment rights. The district court's summary judgment order granted Deputy Goodwin

---

[1] We review de novo a district court's grant of summary judgment based on qualified immunity, viewing all evidence and taking all reasonable inferences in the light most favorable to the nonmoving party. Carr v. Tatangelo, 338 F.3d 1259, 1266 (11th Cir. 2003)

qualified immunity because the court found that Goodwin was acting within the scope of his discretionary authority at the time of the arrest, and that he had probable cause to arrest Miner for the obstruction of justice.

On appeal, Peach State and Miner argue that the district court erred in finding that Goodwin was acting within his discretionary authority, that Goodwin had probable cause to arrest Miner, that there were no disputed issues of material fact to preclude an entry of summary judgment, and that Goodwin conducted a reasonable search given the circumstances. Appellants' arguments, presented in Sections I–IV of Appellants' initial brief, fail for the reasons clearly set forth in the district court's well-reasoned order dated January 8, 2008. Accordingly, we affirm the district court's finding that Deputy Goodwin is entitled to summary judgment.

Peach State also presents two additional arguments on appeal.[2] First, it argues that the district court did not discuss Peach State's due process claims, brought under the Fourth and Fourteenth Amendments, in its grant of summary judgment to Goodwin. Because Georgia state law provides an adequate remedy for the violations alleged in Appellants' brief, we find no federal due process

---

[2] Because we do not reverse the grant of summary judgment on the federal claims, we need not reach Appellant's final argument regarding the court's exercise of supplemental jurisdiction.

violation.  See McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994).[3]  Second, Peach State argues that the district court's grant of summary judgment did not resolve its request for injunctive and declaratory relief to proclaim that Peach State may lawfully repossess vehicles in Town County, as long as it does not breach the peace, and does not need a writ of possession to engage in repossession.  We conclude that because Peach State has adequate remedies at law, an equitable remedy is not warranted in this case.  See Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005).

**AFFIRMED.**

---

[3] Appellants only provide support for their procedural due process claims; there is no evidence to support the substantive allegations of a "policy and practice" of seizing and interfering with civil repossession.